NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois  60604**

Submitted October 1, 2008
Decided November 17, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-1492

| | | |
|---|---|---|
| YE MON AUNG, | | Petition for Review of |
| | *Petitioner*, | an Order of the Board of |
| | | Immigration Appeals |
| *v.* | | |
| | | No. A98-365-506 |
| MICHAEL B. MUKASEY, | | |
| United States Attorney General, | | |
| | *Respondent*. | |

**O R D E R**

On May 5, 2004, Ye Mon Aung, a native and citizen of Burma, filed an application for asylum in the United States.  At the conclusion of an asylum hearing on May 3, 2005, the immigration judge issued an oral decision denying Aung's application, finding that Aung failed to testify credibly.  Aung filed a timely notice of appeal with the Board of Immigration Appeals on May 16, 2005.  On July 14, 2006, the Board affirmed, without comment, the immigration judge's decision.  Aung filed a petition for review of that decision, which we denied on July 26, 2007.  *See Aung v. Gonzales*, 495 F.3d 742 (7th Cir. 2007).

On October 24, 2007, Aung filed a motion to reopen with the Board. Aung conceded that his motion was untimely, but argued that changed personal circumstances warranted reopening. On January 30, 2008, the Board denied Aung's motion to reopen. The Board noted that it had previously summarily affirmed the immigration judge's finding that Aung failed to testify credibly, and that Aung essentially restated his asylum claim. The Board noted that Aung's motion was untimely and found insufficient "new and previously unavailable evidence" to warrant granting the motion. Furthermore, the Board found that conditions in Burma had not changed to the extent that reopening was warranted. Thus, the Board found that Aung had failed to meet the heavy burden of showing a motion to reopen was warranted as he failed to provide adequate new information, errors of law or fact, evidence, or argument sufficient to grant the motion. This appeal followed.

In *Kucana v. Mukasey*, 533, F.3d 534, 538 (7th Cir. 2008), we held that under 8 U.S.C. §1252(a)(2)(B)(ii), federal courts lack jurisdiction to review Board decisions denying motions to reopen, except insofar as the petition for review presents constitutional claims or questions of law. Thus, we have held that we cannot review "[t]he facts that the Board finds, and the reasons that it gives, en route to exercising its discretion to grant or deny a petition to reopen a removal proceeding, and the discretionary decision itself . . . ." *Huang v. Mukasey*, 534 F.3d 618, 620 (7th Cir. 2008).

Aung has failed to identify any specific aspect of the Board's decision to reopen that he is challenging. Indeed, he fails to acknowledge that he ever filed a motion to reopen, and instead erroneously claims that the Board's January 30, 2008 order "summarily affirmed" the immigration judge's May 3, 2005 decision. Thus, we can discern no possible constitutional claim or question of law that Aung raises with respect to his motion to reopen that would give rise to our jurisdiction of his claim. To the extent that Aung's petition could be read as challenging the Board's determinations that he failed to provide sufficient evidence to warrant reopening or that the conditions in Burma have changed, these are purely factual determinations over which we have no jurisdiction. *See id.*

Instead of framing his petition as a challenge to the Board's decision to reopen, Aung attempts to relitigate the merits of his asylum claim in his petition to this court. The immigration judge, the Board, and this court have previously held that Aung failed to demonstrate eligibility for asylum. *See Aung*, 495 F.3d at 746. Under res judicata, Aung is precluded from relitigating all issues raised in the previous action. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

Under §1252(a)(2)(B)(ii), we lack jurisdiction to review the Board's decision to reopen Aung's petition for asylum.  We are also precluded by res judicata from revisiting the merits of Aung's asylum claim.  For these reasons, Aung's petition is DENIED.